(No. 15122.—Judgment affirmed.)
THE PEOPLE *ex rel.* J. Fred Scholl *et al.* Appellants, *vs.*
DAVID J. FREY *et al.* Appellees.

*Opinion filed October 28, 1924.*

1. SCHOOLS—*effect of high school validating acts of May 10,
1921.* The acts of May 10, 1921, (Laws of 1921, pp. 797, 799,) have
the effect of validating the organization of community high school
districts which come within their provisions, subject only to the
limitation that the territory of such districts must be compact and
contiguous in the constitutional sense.

2. SAME—*when a community high school district is sufficiently
compact.* The territory of a community high school district is suf-
ficiently compact, within the meaning of the law, where the great-
est linear distance from the community center does not exceed
seven miles, where the evidence shows that there are many im-
proved roads and that the dirt roads are in fairly good condition,
and that it is possible for pupils to attend the high school from
all parts of the district with reasonable convenience and comfort.

APPEAL from the Circuit Court of Ogle county; the
Hon. FRANKLIN J. STRANSKY, Judge, presiding.

JAMES L. McDOWELL, State's Attorney, H. A. BROOKS,
and ELWIN M. BUNNELL, for appellants.

ROBERT L. BRACKEN, and ROBERT M. BRAND, for ap-
pellees.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of
the court:

The circuit court of Ogle county found appellees not
guilty of usurping the offices of members of the board of
education of Community High School District No. 215, in
said county, and rendered judgment for costs against the
relators.

The petition for leave to file the information was pre-
sented to the judge in vacation by the State's attorney on
the relation of J. Fred Scholl and others, voters and tax-

payers in the territory of the alleged district, and leave to file the information was granted. The petition and the information both charge that the proceedings to organize the territory into a community high school district were invalid, and that the territory of the alleged district is not compact and contiguous within the meaning of the State constitution as construed by the decisions of this court.

Appellees waived service of process and entered their appearance at the June term of the court, 1922, and filed a plea of justification. It alleged, in substance, that a petition signed by more than fifty voters residing in the territory of the school district (describing the same) was received by the county superintendent of the county, praying that an election be called for the purpose of voting for or against organizing the territory into a community high school district; that the superintendent ordered and gave notice of the election, which was held; that the majority of the votes cast were in favor of the district; that the superintendent numbered the district 215 and called and gave notice of an election of a board of education, which was held and resulted in the election of appellees as members of such board; that the election to organize was not held under the Australian Ballot system; that women voted at the election but had no effect whatever in carrying it. It alleged and relied on the passing and approval of the two curative acts of May 10, 1921; (Laws of 1921, pp. 797-799;) that within ten days after their election the members of the board organized and determined by lot the time each was to serve; that appellees are the duly qualified members of the board of education of the district, and that by that warrant they exercise the liberties and privileges of such board, as they have a right to do.

It was stipulated by the parties that the issuable facts of the plea are true and its allegations are evidence of such facts; that this suit be tried by the court without a jury; that each side may examine six witnesses in open court and

produce as many affidavits as they desire, which shall be competent evidence to be considered by the court; that the case be tried as if all necessary and proper pleadings were filed, and that the parties may introduce any competent evidence under any competent and proper plea.

Under the validating acts and the decisions of this court the district in question is a legal and valid district, subject only to the limitation that the territory of the district must be compact and contiguous in the constitutional sense as defined by the decisions of this court. (*People* v. *Young,* 301 Ill. 67; *People* v. *Opie,* 301 id. 11; *People* v. *Benton,* 301 id. 32; *People* v. *Chynoweth,* 301 id. 65; *People* v. *Edvander,* 304 id. 400.) Appellants offer no good reason for the overruling of these decisions, and we hold that the court properly decided for appellees on their plea.

This community high school district is located in a fairly level country, contains eighty-six miles of macadam and stone roads and thirty-five of patroled roads, the county having adopted the patrol system in September, 1921. The evidence in the record shows that the dirt roads of the district are ordinarily in fairly good condition for travel, and with the exception of one extraordinary winter the territory of the district and the community center have been easily accessible to all the pupils of the district ever since the district has been organized and for several years prior thereto; that even during the bad winter there were quite a number of high school pupils from all parts of the district and from out of the district who attended the high school almost every day and were tardy very few times while attending school. The district is not square, there being quite an amount of the territory wanting in all four corners thereof to make it square. It therefore has two corners on the southeast, two on the southwest, two on the northwest and two on the northeast part of the district. Polo, the community center, is situated in the center of the territory and contains a population of about 2000. The greatest linear

distance from the center of the district to the most remote parts thereof does not exceed six and three-fourths miles, it being approximately six and three-fourths miles from the center of the district to one of the northwest corners and to one of the southwest corners thereof, the most remote points from such center. The school has an attendance of 220 high school pupils, many of whom are not residents of the district, and the attendance has gradually increased for the last few years. It is very much in need of a high school building, but none has as yet been built. The assessed value of the territory of the district was over $4,000,000 for 1921. For that year the board levied for educational purposes $20,000 and $5000 for building purposes. The evidence shows that it has all the requisites for a successful and efficient high school district, and that the territory of the district and the community center are reasonably accessible to all the pupils of the district, and that the high school is becoming more and more accessible to the pupils by reason of the fact that the condition of the roads continues to improve.

The foregoing facts were established by the testimony of the six witnesses examined for appellees and by about eighty-five affidavits of parties who were thoroughly familiar with the conditions in the district and the facts to which they testified. In addition to the six witnesses testifying for appellants there were about forty-eight affidavits filed by other parties living in the district. About twenty of those making affidavits for appellants lived in Lincoln township, in the north part of the district, and appeared to be very much interested in the small village of Haldane, in that township, which has a population of about 100. Only a few of the remaining parties who made affidavits for appellants make it known by their affidavits what particular part of the district they live in, but simply state that they live so many miles from Polo. The affidavits and witnesses for appellants most generally state conclusions rather than

facts. The testimony is generally to the effect that the roads are impassable in their part of the district, and that it is not possible for the pupils to attend the school during a great part of the winter and spring by reason of such impassable condition of the roads. The statements of these witnesses in their affidavits and in their testimony were overcome by the many witnesses for appellees, who were from all parts of the district and who locate their residences, so that it can be known from what part of the district they come. A great number of appellees' witnesses were pupils from all parts of the district, who were actually attending high school at the times the witnesses for appellants say that the roads were impassable and that it was not possible for high school pupils to attend school at Polo without boarding at or near such center. Other witnesses for appellees were pupils living out of the district, and residents of the district who were in the habit of going to and from Polo from one to three or more times a week. The testimony of appellees shows conclusively that it was not only possible for high school pupils to attend this high school from all parts of the district with reasonable convenience and comfort to themselves, but that the high school pupils who were disposed to do so did actually attend, and that they attended from out of the district with reasonable convenience and comfort, and that they made good average attendance, were scarcely ever tardy, and lost only a very few days during any term.

The circuit court was warranted in finding that the district was compact and contiguous in the constitutional sense as defined by this court, and the judgment of that court must be and is affirmed.          *Judgment affirmed.*